UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| RICARDO PALOMO, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 1:13-cv-01544-TWP-MJD |
|  | ) |  |
| CAROLYN W. COLVIN, Commissioner of the Social Security Administration, | ) ) |  |
|  | ) |  |
| Defendant. | ) |  |

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Ricardo Palomo ("Mr. Palomo"), appeals the Administrative Law Judge's decision denying his application for Social Security Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). *See* 42 U.S.C. §§ 416(i), 423(d). Pursuant to 28 U.S.C. § 636, the Court referred the matter to the Magistrate Judge (Filing No. 27), who submitted his Report and Recommendation on December 18, 2014, recommending that the decision of the Commissioner be affirmed (Filing No. 28). Mr. Palomo timely filed objections to the Magistrate Judge's Report and Recommendation (Filing No. 29), and the Commissioner filed a response to Mr. Palomo's objections (Filing No. 30). For the reasons set forth below, the Court **OVERRULES** Mr. Palomo's objections and **ADOPTS** the Magistrate Judge's Report and Recommendation, **AFFIRMING** the decision of the Commissioner.

## I. BACKGROUND

The relevant facts of this appeal are set forth in detail in the Magistrate Judge's Report and Recommendation. Mr. Palomo alleges that he suffers from several impairments, including chronic depression, anxiety, arthritis, a back injury, lack of concentration, mental incoherence, and hearing

loss. He filed an application for DIB in 2005. That application was denied in 2006 by the Appeals Council. He later filed a second application for DIB, which was denied in August 2009 at the hearing level. Mr. Palomo filed his third application for DIB, the application currently under review, on June 24, 2010, alleging a disability onset date of August 22, 2009. His application was initially denied on November 19, 2010, and again on reconsideration on December 2, 2010. On October 3, 2011, Administrative Law Judge William Manico ("the ALJ") held a hearing at which Mr. Palomo explained that he did not have counsel to assist him. The ALJ postponed the hearing to allow Mr. Palomo to obtain counsel. On January 11, 2012, the ALJ held a video conference hearing at which Mr. Palomo appeared with counsel. The ALJ denied Mr. Palomo's application for DIB on May 4, 2012, and the Appeals Council denied his request for review on July 26, 2013.

## II.  LEGAL STANDARD

When the Court reviews the Commissioner's decision, the ALJ's findings of fact are conclusive and must be upheld by this Court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). To be affirmed, the ALJ must articulate her analysis of the evidence in her decision, and while she "is not required to address every piece of evidence or testimony," she must "provide some glimpse into her reasoning . . . [and] build an accurate and logical bridge from the evidence to her conclusion." *Dixon*, 270 F.3d

at 1176. The Court "must be able to trace the ALJ's path of reasoning" from the evidence to her conclusion. *Clifford v. Apfel*, 227 F.3d 863, 874 (7th Cir. 2000).

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo*, determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law. *See* Fed. R. Civ. Pro. 72(b). The district court "makes the ultimate decision to adopt, reject, or modify the report and recommendation, and it need not accept any portion as binding; the court may, however, defer to those conclusions . . . to which timely objections have not been raised by a party." *Sweet v. Colvin*, No. 1:12-cv-439-SEB-TAB, 2013 U.S. Dist. LEXIS 141893, at *3 (S.D. Ind. Sept. 30, 2013) (citing *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–61 (7th Cir. 2009)).

### III. DISCUSSION

Instead of asserting errors in the Report and Recommendation or showing that the evidence led to the conclusion that Mr. Palomo could not perform his past sedentary work, Mr. Palomo raises objections to the Magistrate Judge's Report and Recommendation that essentially are the same arguments asserted by Mr. Palomo's counsel when requesting review of the ALJ's decision by the Appeals Council, Filing No. 1-2, and the same arguments asserted to this Court in Mr. Palomo's Brief in Support of Complaint, Filing No. 23. Mr. Palomo's objections to the Magistrate Judge's Report and Recommendation are: (1) the ALJ did not understand treatment for mental health or what constituted a "severe" impairment because the ALJ was not a medically trained professional; and (2) the ALJ's decision was not supported by substantial evidence because certain documents had been omitted or were not considered. Mr. Palomo also submits additional evidence

3

that he failed to submit to the Court prior to the issuance of the Magistrate Judge's Report and Recommendation. The Court finds no reversible error on the basis of Mr. Palomo's objections.

**A.      The ALJ was not medically trained.**

Mr. Palomo first argues that the ALJ did not understand treatment for mental health and did not understand what constituted a "severe" impairment because he was not a medically trained professional. He argues that, because the ALJ was not a medically trained professional, the ALJ did not understand the nature of treatment and therapy for mental health impairments and thus could not accurately assess the severity of his mental impairments or their effect on his ability to work.

In his response, the Commissioner asserts correctly that the Social Security Regulations entrust the ALJ with making findings about the effect of a claimant's impairments on his ability to work by considering the medical and non-medical evidence of record, pointing to 20 C.F.R. § 404.1520 (ALJ makes findings at step two of the sequential evaluation process), and Social Security Ruling 96-5p (issues such as whether a person's impairment is equal in severity to a Listing or his maximum residual functioning capacity ("RFC") are administrative findings reserved to the Commissioner, not medical professionals). The Commissioner also points out that the Report and Recommendation noted that any error in designating impairments "non-severe" instead of "severe" was harmless because the ALJ continued to the next steps in the sequential evaluation process and considered the impairments in the RFC assessment. The Commissioner points this Court to *Castile v. Astrue*, 617 F.3d 923, 927 (7th Cir. 2010), which explains that an ALJ's step two "determination is of no consequence with respect to the outcome of the case" when the ALJ continues to the next steps in the sequential evaluation process. Mr. Palomo asserted numerous impairments, and the ALJ proceeded to steps three and four in the sequential evaluation

process and found that Mr. Palomo was able to perform his previous sedentary work. Thus, the step two determination was "of no consequence."

The ALJ considered the medical evidence that was presented, including the evidence from mental health professionals, when making his determination. This determination is left to the ALJ, and the Court will not reweigh the evidence. Mr. Palomo has the burden of proof to show that his impairments were severe and that they limited his ability to work, *see Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005), but he has not pointed to any medical evidence that his impairments limit him more than the ALJ's RFC finding indicated. Therefore, this objection is overruled.

**B.     Omitted or overlooked documents, and additional, later-submitted documents.**

Next, Mr. Palomo argues that the ALJ's decision was not supported by substantial evidence because certain documents had been omitted or were not considered. In support of his position, Mr. Palomo submits additional evidence that he failed to submit to the Court prior to the Magistrate Judge's issuance of the Report and Recommendation.

Specifically, with his Brief in Support of Complaint, Mr. Palomo submitted the following: (1) a December 16, 1992 Statement of Medical Examination and Duty Status Letter; (2) a January 27, 2005 Psychiatry Ambulatory Clinic report; (3) a November 13, 2008 Department of Veterans Affairs ("VA") individual unemployability record; (4) a June 7, 2010 VA individual unemployability compensation record; (5) a November 30, 2011 VA summary of benefits; and (6) a December 6, 2012 VA summary of benefits.

The Court may remand a case to the Commissioner to consider additional evidence if the claimant can prove that the evidence is new and material, and there is good cause for having not introduced it during the administrative proceedings. 42 U.S.C. 405(g). Evidence is "new" if it

5

was not in existence at the time of the administrative proceedings, and "material" if there is a reasonable possibility that it would result in a different outcome. *Sears v. Bowen*, 840 F.2d 394, 399–400 (7th Cir. 1988). Additionally, evidence that is merely cumulative is not new for purposes of sentence six of 42 U.S.C. 405(g). *Bowen v. Astrue*, No. 1:06-cv-0903-DFH-TAB, 2007 U.S. Dist. LEXIS 36412, at *24 (S.D. Ind. Apr. 16, 2007).

The Magistrate Judge's Report and Recommendation addressed the "newness" and "materiality" of the six documents submitted with the Brief in Support of Complaint. As noted by the Magistrate Judge, the first five documents are not new because they were in existence at the time of the ALJ's hearing. The sixth document, the December 2012 VA summary of benefits for disability, is not material because it would not change the outcome—the ALJ already had significant evidence from VA records, noting Mr. Palomo's impairments. "Determinations of disability by other agencies do not bind the Social Security Administration, . . . and [] the Department of Veterans Affairs requires less proof of disability than the Social Security Administration does." *Allord v. Barnhart*, 455 F.3d 818, 820 (7th Cir. 2006). The ALJ considered the VA records and then determined that Mr. Palomo was able to perform the work that he had performed in the past.

With his objections to the Report and Recommendation, Mr. Palomo resubmitted the six documents and also submitted the following: (1) a January 27, 1992 Department of Army Medical Statement; (2) a May 29, 1996 United States Postal Service mail carrier employment medical statement; (3) a February 10, 2004 VA record for a CPAP machine for sleep apnea; (4) a June 29, 2004 VA letter of record of medical conditions; (5) a February 4, 2011 VA record of entitlement to individual unemployability; and (6) a December 29, 2014 VA record/letter of psychiatric treatment. With the exception of the 2014 letter regarding psychiatric treatment, each of these

6

additional documents was in existence at the time of the ALJ's hearing on January 11, 2012. Therefore, the documents are not new for purposes of 42 U.S.C. § 405(g).

The new 2014 VA letter regarding psychiatric treatment is not material because, as discussed above, it would not change the decision because the ALJ already had significant evidence from VA records that noted Mr. Palomo's mental health impairments and treatment. Thus, the document is not material for purposes of 42 U.S.C. § 405(g).

Regarding any omitted or overlooked documents, Mr. Palomo has failed to show that the ALJ ignored any lines of evidence or specific testimony. The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson*, 999 F.2d at 181. Yet the ALJ's hearing decision discussed the testimony provided and the evidence submitted regarding each of the impairments alleged by Mr. Palomo, including sleep apnea, obsessive-compulsive disorder, poor concentration, a back injury, depression, and other injuries and impairments. Additionally, the ALJ held the record open for submission of additional evidence after the hearing so that Mr. Palomo or his counsel could submit any additional records, which they failed to do. This objection is meritless and therefore is overruled.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that there is no error in the Magistrate Judge's Report and Recommendation and therefore **OVERRULES** Mr. Palomo's objections ([Filing No. 29](#)). The Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation, **AFFIRMING** the Commissioner's decision ([Filing No. 28](#)).

**SO ORDERED.**

Date: 3/3/2015

*[signature]*
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Ricardo Palomo
10240 Wellborne Drive
Oaklandon, Indiana 46236-7334

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov